UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL P. TARAS,

    Plaintiff,

    v.

U.S. ATTORNEY FOR THE SOUTHERN
DISTRICT OF ILLINOIS and CHIEF JUDGE
JAMES L. FOREMAN,

    Defendants.

Case No. 12-cv-72-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Michael P. Taras's motion for leave to proceed *in forma pauperis* (Doc. 4). A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Taras's affidavit that he is indigent. However, after carefully reviewing the complaint, the Court is unable to detect a non-frivolous cause of action against any

non-immune defendant.  To the extent Taras complains of the *defendants'* conduct (he also complains about conduct of others who are not parties to this suit), that conduct was in the course of the defendants' performing their official judicial or quasi-judicial duties.  Thus, the defendants are entitled to immunity from this suit for money damages.  *See Imbler v. Pachtman*, 424 U.S. 409, 420-29 (1976) (prosecutorial immunity);  *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (*per curiam*) (judicial immunity).

For this reason, the Court **DENIES** Taras's motion for leave to proceed *in forma pauperis* (Doc. 4), **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B) **with prejudice** for failure to state a claim, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  February 14, 2012**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**