UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL P. TARAS,

    Plaintiff,

v.

Case No. 12-cv-72-JPG

U.S. ATTORNEY FOR THE SOUTHERN
DISTRICT OF ILLINOIS and CHIEF JUDGE
JAMES L. FOREMAN,

    Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Michael P. Taras's motion for leave to proceed *in forma pauperis* (Doc. 4). A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Taras's affidavit that he is indigent. However, after carefully reviewing the complaint, the Court is unable to detect a non-frivolous cause of action against any

non-immune defendant. To the extent Taras complains of the *defendants'* conduct (he also complains about conduct of others who are not parties to this suit), that conduct was in the course of the defendants' performing their official judicial or quasi-judicial duties. Thus, the defendants are entitled to immunity from this suit for money damages. *See Imbler v. Pachtman*, 424 U.S. 409, 420-29 (1976) (prosecutorial immunity); *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (*per curiam*) (judicial immunity).

For this reason, the Court **DENIES** Taras's motion for leave to proceed *in forma pauperis* (Doc. 4), **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B) **with prejudice** for failure to state a claim, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: February 14, 2012**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**